# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR-07-30-H-BMM** |
| Plaintiff, | |
| v. | **ORDER** |
| BARRY ARMBRISTER, | |
| Defendant. | |

## INTRODUCTION

Defendant Barry Armbrister ("Armbrister"), appearing *pro se*, filed a motion for reconsideration on February 15, 2024. (Doc. 77.) Armbrister pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). (Doc. 35). The Court sentenced Armbrister to 240 months of incarceration, to run consecutive to Armbrister's state sentence imposed in case Do. ADC-2007-263. (Doc. 54.) The Court further sentenced Armbrister to a life term of supervised release following his release from incarceration. (*Id.*) The Court calculates that Armbrister is scheduled for release from his federal sentence on July 29, 2028. *See* Federal Bureau of Prisons, "Inmate Locator," https://www.bop.gov/inmateloc/ (last visited February 20, 2024).

The Court denied Armbrister's motion for a reduction of his sentence on September 25, 2017. (Doc. 76.) The Court denied Armbrister's motion to vacate on January 22, 2016. (Doc. 73.)

## DISCUSSION

Local Rule CR 47.4 allows for a party to provide the Court with supplemental authority in a criminal proceeding. Armbrister directs the Court's attention to *United States v. Haymond*, 588 U.S. ___, 139 S.Ct. 2369 (2019). (Doc. 77.) Armbrister contends that *Haymond* supports Armbrister's claim that a lifetime of supervised release punishes him beyond the maximum sentence allowed by law. (*Id.* at 1.) Armbrister's claim proves unavailing.

The U.S. Supreme Court in *Haymond* considered the constitutionality of 18 U.S.C. § 3583(k) with respect to the statute's mandate concerning supervised release revocation and imposition of an additional prison term. 139 S.Ct. at 2374. 18 U.S.C. § 3583(k) mandates the imposition of an additional prison term of between five years and life if a court determines, by a preponderance of the evidence, that a defendant, while on supervised release, committed one of several listed offenses, including the possession of child pornography. 18 U.S.C. § 3583(k) provides additionally that the authorized term of supervised release for a defendant convicted of an offense under section 2252A is not less than five years, and such term may for up to life.

The U.S. Supreme Court in *Haymond* determined that the application of §
3583(k)'s mandatory incarceration following the revocation of a period of
supervised release based on a finding by a court under the preponderance of the
evidence standard violates the defendant's right to a trial by jury guaranteed by the
Fifth and Sixth Amendments. 139 S.Ct. at 2378. The U.S. Supreme Court did not
disturb, however, a court's authority under § 3583(k) to impose a term of supervision
for a period of life on a defendant convicted of an offense under § 2252A. Armbrister
reads *Haymond* too broadly. The Court declines to extend the logic of *Haymond* to
the entirety of § 3583(k).

## ORDER

Accordingly, **IT IS ORDERED:**

1. Armbrister's motion for reconsideration (Doc. 77) is **DENIED**.

DATED this 20th day of February 2024.

Brian Morris, Chief District Judge
United States District Court

3